UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
: CR 05 66 S
v. : CR. No.
:
RONALD N. CHARRON, JR. :
a/k/a Richard Robert Charron :

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant RONALD N. CHARRON, JR. have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a three-count Information charging him with: (1) knowingly possessing with the intent to distribute 5 grams or more of cocaine-base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) knowingly possessing with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (3) knowingly possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Defendant agrees to plead guilty to the Information. Defendant further agrees that the time between the filing of this agreement and the scheduled date

for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. Defendant agrees that the Bersa .380 caliber, semi-automatic pistol, model 383, serial number 235575, which is a firearm as defined in 18 U.S.C. § 921, seized from Defendant and currently in the custody and/or control of the Woonsocket Police Department, was properly seized and was involved in or used in relation to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1) to which Defendant has agreed to plead guilty. Defendant agrees that the firearm is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearm.

Defendant further states that he is the sole and rightful owner of said firearm and agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearm and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearm.

2. Government's Obligations. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United

States Sentencing Guidelines (the "Guidelines"), or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split sentence", provided that Defendant does not seek a downward departure under the Guidelines or advocate for a sentence below the Guideline range.

The government understands that Defendant intends to argue that he should receive credit for the time that he was held by state authorities on state charges arising from the conduct that is the subject of Counts I, II and III of the Information. Defendant understands that the government intends to oppose this argument. This argument by Defendant will not relieve the government of its obligation under this paragraph to recommend a sentence within the Guideline range or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of

guilty, thereby permitting the government to avoid preparing for trial. If the offense level is 16 or greater, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The United States is free to recommend any combination of supervised release, fines, and restitution that it deems appropriate.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the Guidelines in fashioning any sentence in this case, the Guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the Guidelines:

a. The substance involved in Count I of the Information is cocaine base in the form of crack cocaine, and the government would have proven that fact beyond a reasonable doubt;

b. The total net weight of the cocaine base in the form of crack cocaine involved in Count I of the Information is 35.74 grams, and the government would have proven that fact beyond a reasonable doubt;

c. The substance involved in Count II of the Information is cocaine, and the government would have proven that fact beyond a reasonable doubt;

d. The total net weight of the cocaine involved in Count II of the Information is 46.91 grams, and the government would have proven that fact beyond a reasonable doubt; and

e. Defendant possessed a firearm that was present for and connected to the conduct set forth in the Information, and the government would have proven that fact beyond a reasonable doubt.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the Guideline calculation.

6. The maximum and minimum statutory penalties for the offenses to which Defendant is pleading are as follows:

Count I

a. Forty (40) years imprisonment, with a mandatory minimum term of five (5) years imprisonment;

b. a fine of $2,000,000;

c. a term of supervised release of life, with a minimum term of four (4) years; and

d. a mandatory special assessment of $100.

Count II

a. Twenty (20) years imprisonment;

b. a fine of $1,000,000;

c. a term of supervised release of life, with a minimum term of three (3) years; and

d. a mandatory special assessment of $100.

Count III

a. Ten (10) years imprisonment;

b. a fine of $250,000;

c. a term of supervised release of three (3) years; and

d. a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are seventy years

imprisonment, with a minimum mandatory term of five years imprisonment; a fine of $3,250,000; and a term of supervised release of life, with a minimum mandatory term of four years. The mandatory special assessment totals $300.

7. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses the witnesses against him; and

f. Defendant waives these trial rights if the Court accepts his plea of guilty.

g. Defendant is also advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands he could request DNA testing of such evidence in this case prior to any findings of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, he has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA

testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

9. The United States reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the Guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the

Court. Defendant hereby waives the right to file a direct appeal if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under this agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the Guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges

that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| RONALD N. CHARRON, JR.<br>Defendant | 5-~~29~~ 30-05<br>Date |
| MARK L. SMITH, ESQ.<br>Counsel for Defendant | 5-30-05<br>Date |
| PETER F. NERONHA<br>Assistant U.S. Attorney | 5/31/05<br>Date |
| KENNETH P. MADDEN<br>First Assistant U.S. Attorney | 5-31-2005<br>Date |